UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
PAUL SIMMONS # 241-06-10391,       :

        Plaintiffs,       :   MEMORANDUM & ORDER

        -against-         :   07 Civ. 3241 (RJH)(MHD)

ASSISTANT COMMISSIONER MARK
CRANSTON et al.,                   :

        Defendants.       :
------------------------------x

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

    Pro se plaintiff Paul Simmons has sued a number of employees and officials of the New York City Department of Correction ("DOC") under 42 U.S.C. § 1983 for a variety of alleged constitutional violations, principally involving disciplinary actions taken against him by prison authorities. He has since sent the court a series of letters complaining about the process for serving several of the defendants, discovery issues and his assertedly limited access to the prison library. He has also applied for appointment of counsel.

    With regard to service of process, the defendants have supplied the necessary information for service of the unserved defendants, and plaintiff has been instructed to pursue the matter with the Pro Se Clerk and the United States Marshal. We understand

1

that that process is now underway.

As for discovery, plaintiff has served interrogatories and document requests, which defendants are to respond to within thirty days. We also adopt defendants' suggestion that the case be deemed to come within the framework of SDNY Civil Rule 33.2, and that defendants provide the required responses within the same thirty days.[1] To the extent that plaintiff seeks admissions from non-parties, those requests are stricken, since he may not use requests to admit as a means of discovery of non-parties. If plaintiff wishes to obtain answers to questions about which non-party employees of DOC may be knowledgeable, he may serve interrogatories on the defendants, who -- to the extent that they are sued in their official capacities -- are obliged to determine the facts, if necessary, by interviewing DOC employees.

Plaintiff has also complained about his alleged lack of access to the prison library. We direct that he be given such access as is consistent, under prison rules, with his status as a federal-court plaintiff who is actively litigating his lawsuit against

---

[1] Defendants urge that they not be required to respond to the outstanding requests, dating from October and December 2007, until after they have provided their Rule 33.2 responses. We see no reason to further delay their responses, but to the extent that plaintiff's requests duplicate the 33.2 areas of inquiry, defendants may answer his demands by cross-referencing to the 33.2 responses.

2

representatives of DOC.

Plaintiff has applied for appointment of counsel. That application is denied without prejudice to renewal after defendants have taken plaintiff's deposition. The relief that plaintiff seeks is contingent on the court determining that his case "seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). We cannot make such a determination based on the present record, which consists solely of the pleadings. Accordingly we refrain from granting the requested relief, but will re-examine the issue when we have some form of evidentiary record.

Dated: New York, New York
       January 14, 2007

                                    _____
                                    MICHAEL H. DOLINGER
                                    UNITED STATES MAGISTRATE JUDGE

3

Copies of the foregoing Memorandum and Order have been mailed today to:

Mr. Paul Farrad Simmons
# 241-06-10391
GRVC
09-09 Hazen Street
East Elmhurst, New York 11370

Brian G. Maxey, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
Room 3-178
New York 10007