UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
PAUL SIMMONS # ████████        ,
                               :
            Plaintiffs,        :    REPORT & RECOMMENDATION
                               :
        -against-             :    07 Civ. 3241 (RJH)(MHD)
                               :
ASSISTANT COMMISSIONER MARK
CRANSTON et al.,              :
                               :
            Defendants.   :
-------------------------------x

TO THE HONORABLE RICHARD J. HOLWELL, U.S.D.J.:


    By letter dated October 9, 2007, pro se plaintiff Paul Simmons
seeks what he describes as an order to show cause why disciplinary
charges brought against him for inciting a riot and leading a
demonstration should not be dismissed. The apparent basis for this
request is plaintiff's assertion that the charges against him,
which resulted in a prison hearing on September 24, 2007, are
baseless and reflect retaliation for his filing the current lawsuit
against a number of Department of Correction ("DOC") officials and
employees.


    When a party seeks a preliminary injunction, he bears the
burden to demonstrate at least that "[]he will suffer irreparable
harm absent injunctive relief, and . . . either (a) that . . . []he
is likely to succeed on the merits, or (b) '"that there are
sufficiently serious questions going to the merits to make them a

1

fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party."'" Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005)(quoting No Spray Coal., Inc. v. City of New York, 252 F.3d 148, 150 (2d Cir. 2001)(per curiam)); accord, e.g., D.D. ex rel. V.D. v. N.Y. City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006).

If the movant seeks a mandatory injunction, that is, one that would require affirmative conduct by the defendant that would "alter the status quo," he must meet a higher standard. Id. at 510 (citing Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995)). In that case, he "'must make a clear or substantial showing of a likelihood of success' on the merits, . . ., a standard especially appropriate when a preliminary injunction is sought against government." Id. (quoting Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996)).

To obtain a preliminary injunction under any of the operative tests in this circuit, the movant must demonstrate not only the requisite prospect for success on the merits of his claim, but also that the failure to provide the requested relief will cause him irreparable harm. Indeed, the Second Circuit has frequently reiterated that "irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Grand

River Enter. Six Nations, 481 F.3d at 66-67 (internal quotation marks omitted) (quoting Freedom Holdings, 408 F.3d at 114).[1] To satisfy this requirement, the movant must show that he "will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (quoting Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005)). Thus, for example, "[w]here there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." Moore, 409 F.3d at 510.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (internal quotation marks omitted) (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948 at 129-30 (2d ed. 1995))(emphasis omitted); see, e.g., Grand River Enter. Six Nations, 481 F.3d at 66; Hanson Trust PLC v. SCM Corp., 774 F.2d 47, 60 (2d Cir.

---

[1] The Court has also said that because of the essential role of the irreparable-harm element, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." Grand River Enter. Six Nations, 481 F.3d at 66-67 (internal quotation marks omitted) (quoting Freedom Holdings, 408 F.3d at 114).

1985)(stating that the preliminary injunction "is one of the most drastic tools in the arsenal of judicial remedies"). Thus, even if the movant makes a colorable showing of likely irreparable harm and a sufficient prospect of success on the merits, the trial court has "wide discretion" in deciding whether an injunction pendente lite is appropriate under the circumstances. Moore, 409 F.3d at 511 (citing Green Party of N.Y. v. N.Y. State Bd. of Elections, 389 F.3d 411, 418 (2d Cir. 2004); Columbia Pictures Indus., Inc. v. Am. Broad. Cos., 501 F.2d 894, 897 (2d Cir. 1974)). In exercising that discretion, the court should take into account the public interest, if relevant. See Register.com, Inc. v. Verio, Inc. 356 F.3d 393, 424, 432-33 (2d Cir. 2004).[2]

Plaintiff's brief and conclusory letter application fails both prongs of whichever version of the test we look to. First, he offers no basis to infer that he is facing irreparable harm if the requested injunction is not granted. If he is subjected to

---

[2] Plaintiff raises the issue in his memorandum of law, arguing that "the relief sought will serve the public interest because it is always in the public interest for prison officials to obey the law." (Pl.'s Mem. of Law at 9). This assertion begs the question of whether defendants are in fact violating plaintiff's legal rights, but in any event, as noted, movants have a heavier burden when attempting to obtain a preliminary injunction against the government than they do against any other party, see D.D. ex rel. V.D., 465 F.3d at 510, reflecting the courts' sensitivity to the need to avoid interfering with government administration of its own programs, a concern that is particularly acute in the context of the State's management of prison affairs.

disciplinary hearings and sanctions that violate his First Amendment or due process rights, he will of course have the option of bringing suit for damages, and there is no evident basis to believe that this will prove an ineffectual remedy. Moreover, the documents presented by plaintiff reflect that although he faced a variety of charges in September 2007, all but a single charge -- of malingering -- were dismissed by the hearing officer, and that one charge led to a hearing that appears to have complied with due process standards. In addition, plaintiff offers no evidence whatsoever to allow the inference that the charges were retaliatory in nature, and hence there is no basis in the current record to infer that he has demonstrated a likelihood of success on the merits or even serious issues going to the merits. We also note that plaintiff had available to him an administrative appeal process within the prison system, which he would have to exhaust before pursuing such a claim in federal court. See 42 U.S.C. § 1997e(a).

Finally, to the extent that plaintiff seeks not merely an injunction against future retaliation, but also the dismissal of pending or sustained disciplinary charges, his request is for a mandatory injunction, which, as we have noted, requires that he meet a still more rigorous test. He plainly does not make a "clear or substantial showing of a likelihood of success on the merits".

<u>D.D. ex rel. V.D.</u>, 465 F.3d at 510.

In sum, we conclude that plaintiff has failed to justify the entry of a preliminary injunction. Accordingly, we recommend that his letter application be denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Paul A. Crotty, Room 735, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985); <u>Small v. Secretary of Health and Human Services</u>, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
       January 14, 2007


                                    MICHAEL H. DOLINGER
                                    UNITED STATES MAGISTRATE JUDGE



Copies of the foregoing Memorandum and Order have been mailed today
to:

Mr. Paul Farrad Simmons

GRVC
09-09 Hazen Street
East Elmhurst, New York 11370

Brian G. Maxey, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
Room 3-178
New York 10007