UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PAUL FARRAD SIMMONS,

                 Plaintiff,

-against-

ASST. COMMISIONER MARK CRANSTON, et al.,

                 Defendants.

07 Civ. 3241 (RJH)

**ORDER**

      By stipulation signed by the parties and so ordered by this Court, this action was settled and dismissed with prejudiced on April 2, 2008. Defendant City of New York agreed to pay plaintiff $1850.00 and plaintiff agreed to the dismissal of all claims against all defendants. Alleging that one of the defendants has since threatened him, plaintiff now moves this Court to reinstate this action and to order the New York State Department of Corrections to transfer him to a different facility. For the reasons that follow, plaintiff's motion [41] is denied.

      Plaintiff does not dispute that he voluntarily entered into the settlement agreement, *see United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994), and the stipulation of dismissal, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii); *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005). "A settlement is a contract, and once entered into is binding and conclusive." *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989). "When a party makes a deliberate, strategic choice to settle, she cannot be relieved of

such a choice merely because her assessment of the consequences was incorrect." *United States v. Bank of New York*, 14 F.3d at 759; *see also Willgerodt v. Hohri*, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) (holding that under New York law, a court may relieve a party of the consequences of a settlement agreement only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident") (internal quotations omitted).

Here, plaintiff presents no basis for the Court to relieve him of his decision to settle this action. The alleged threat made by one of the defendants might be a violation of plaintiff's constitutional rights, but it is not a violation of any provision of the settlement agreement. Therefore, the Court declines to vacate the settlement agreement and reinstate this matter. Plaintiff may not leverage the settlement agreement in this action to circumvent the usual process for asserting prison grievances. This is particularly so given that in two other actions in this district, plaintiff has been ordered to show cause why his *in forma pauperis* status should not be revoked and why he should not be barred from filing any future civil cases *in forma pauperis* in this Court. *Muhammad v. Healy*, No. 08 Civ. 2825 (JSR) (S.D.N.Y. Apr. 11, 2008) (order to show cause); *Simmons v. Horn*, No. 07 Civ. 9798 (CM) (S.D.N.Y. Apr. 11, 2008) (order to show cause).

Therefore, plaintiff's motion [41] is denied. To the extent that plaintiff wishes to pursue in federal court his allegations that he was threatened by defendants, he must institute a new action. The Court, of course, expresses no view as to the viability of such a suit, but reminds plaintiff that under the orders to show cause in *Muhammad v. Healy*

2

and *Simmons v. Horn*, he must attach a copy of those orders to any new complaint filed in federal court.

SO ORDERED.

Dated: New York, New York
       May 19, 2008

                                             _____
                                             Richard J. Holwell
                                             United States District Judge